IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY RAY HALL, | ) CASE NO. 7:20CV00053 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| NATARCHA GREGG, ET AL., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) Senior United States District Judge |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials have violated his constitutional right to freely exercise his religious dietary beliefs. After review of the record, the court concludes that Hall's action is appropriately dismissed without prejudice for failure to state a claim.

Hall is incarcerated at Augusta Correctional Center ("Augusta"). In this § 1983 action, he sues Natarcha Gregg, "MSA Rd"; A. David Robinson, Chief of Corrections Operations; and "Virginia Department of Corrections Dietary, Richmond, Va." Compl. 1, ECF No. 1. Hall's allegations are sparse, as follows:

> . . . According[] to A. Miller the Fresh Fruits & Fresh Vegetables isn't fresh it is Rotten they have served no Bell pepper why?
>
> in (3) three weeks no Bell pepper Since approval by V.D.O.C. orthodox kosher meals we been denied of dry Cereal, Bread, cheese, fresh fruits, Fresh Vegetables.

Id. at 2. In the section of the form asking what relief he seeks, Hall states, "violated damage $250,000.00 so it wont [sic] happen again!!" Id.

The court is required to dismiss a complaint filed by a prisoner against a governmental entity or officer if the court determines that it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To survive screening under § 1915A, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "This [right] encompasses policies that impose a substantial burden on a prisoner's right to practice his religion." Wall v. Wade, 741 F.3d 492, 498 (4th Cir. 2014). For constitutional purposes, such a burden is one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs," Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981), or one that forces him to "choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand," Sherbert v. Verner, 374 U.S. 398, 404 (1963).

The court is unable to conclude that Hall has adequately alleged that Augusta's Kosher meals substantially burden his ability to exercise his religious beliefs. He does not allege that he has received food items that are inconsistent with his religious dietary tenets, that the Kosher meals provided to him do not meet his nutritional needs, or that these meals have pressured him to violate his religious beliefs in any way. Thus, the court concludes that Hall's allegations do not state a plausible First Amendment claim.* Thomas, 450 U.S. at 718; Sherbert, 374 U.S. at

---

* Because Hall mentions his desire for Kosher meals, the court construed his complaint as attempting to assert violations of his First Amendment right to free exercise of his religious dietary beliefs. Perhaps Hall may also believe that the Kosher meals provided to him have violated his Eighth Amendment right to be free from cruel and unusual prison conditions. His allegations fail to state any such claim, however, because he does not allege that he has suffered, or is likely to suffer, any serious physical or emotional injury from the meals provided. See Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

404. Therefore, the court will summarily dismiss the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves Hall free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion and complies with exhaustion and financial requirements.

    The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

    ENTER: This  16th day of April, 2020.

*/s/ Glen Conrad*
Senior United States District Judge